**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THERESA LYNN HALE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of the Social Security Administration, )<br>)<br>Defendant. ) | NO. CIV-10-1082-HE |

**ORDER**

Plaintiff Theresa Lynn Hale filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be affirmed.

Plaintiff claims she is disabled due to fibromyalgia and related pain, fatigue, and memory and concentration problems. She filed her application for benefits on August 24, 2007, and, after it was denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing held on July 14, 2009, at which plaintiff did not appear, the ALJ issued a decision finding that plaintiff was not disabled.[1]

The ALJ denied benefits at step two of the five step evaluation process for determining disability. Although he found plaintiff suffered from degenerative joint disease,

---

[1]*Plaintiff waived her right to appear at the hearing. Consequently, the ALJ "did not hear testimony regarding the claimant's symptoms or limitations." Administrative Record, p. 15.*

fibromyalgia, asthma, and depression, he concluded those impairments did not significantly limit her ability to work during the pertinent time period. He found plaintiff's "statements concerning the intensity, persistence and limiting effects of [those] symptoms" not to be credible. Administrative Record, p. 16. The Appeals Council denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner.

Plaintiff seeks to have the case remanded on the basis the ALJ's credibility analysis was faulty. The magistrate judge rejected that argument, concluding the ALJ did consider the pertinent evidence – both objective and subjective – pertaining to plaintiff's allegations of disabling pain, fatigue, and memory and concentration deficits and provided reasons supporting his credibility determination. The magistrate judge found that determination was supported by substantial evidence in the record.

In her objection to the Report and Recommendation, plaintiff asserts that the magistrate judge imposed the wrong evidentiary standard at step two, citing his statement that her "subjective complaints of pain were not sufficient to in itself establish disability." Report and Recommendation, p. 5. When read in context it is clear that the magistrate judge meant that plaintiff failed to make the de minimis showing required for her claim to advance beyond step two of the evaluation sequence. The court concurs with the magistrate judge's analysis and conclusion on this issue. As he noted, the medical records "do not provide any evidence of restrictions stemming from the diagnosed impairments ....There are no notes of complaints of widespread pain, stiffness, soreness, or fatigue, and nowhere in the medical record is there any note of a complaint of memory or concentration problems as alleged by

Plaintiff in her application documents." *Id.* at p. 6.

Having conducted a de novo review of the ALJ's decision, the court agrees with the magistrate judge that "there is substantial evidence in the record that Plaintiff was not disabled as of December 31, 2003, and no error occurred in the ALJ's evaluation of the evidence." *Id.* at p. 8. Accordingly, the court adopts Magistrate Judge Purcell's Report and Recommendation and affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

Dated this 14th day of September, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE